**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>OMILIA NATURAL LANGUAGE<br>SOLUTIONS, LTD.,<br><br>  Defendant. | Case No. 1:19-cv-11438-PBS |

**REVISED JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

Pursuant to the Court's instructions at the October 30, 2019 case management conference, as well as Local Rules 16.1(d) and 16.6, and the Court's Notice of Scheduling Conference dated September 16, 2019, [Dkt. No. 24], Plaintiff Nuance Communications, Inc. ("Nuance"), and Defendant Omilia Natural Language Solutions, Ltd. ("Omilia NLS"), (together "the parties"), respectfully submit the following Revised Joint Statement.

**I.   Topics Set Forth in FRCP 26(f)**

   **A.  FRCP 26(a) Disclosures (FRCP 26(f)(3)(A))**

The parties do not believe there should be any changes in the form or requirements for disclosure under FRCP 26(a).  The parties have exchanged FRCP 26(a) disclosures.

   **B.  Subjects on Which Discovery is Needed (FRCP 26(f)(3)(B))**

The parties anticipate seeking discovery regarding the Asserted Patents, Omilia NLS' Accused IVR Platform and the development thereof; the Parties' financial information and other information relevant to patent damages, including lost profits or the calculation of a reasonable royalty; Plaintiff's allegations; alleged prior art; and Omilia NLS' asserted and potential defenses

and counterclaims, which may include counterclaims as to the invalidity, unenforceability and/or non-infringement of the Asserted Patents but also additional counterclaims relating to Nuance's conduct in the marketplace that will require discovery beyond that required by the patent-related issues raised by Nuance's complaint.

As set forth below, in order to address the Court's request to bifurcate and stay certain patent claims as well as damages issues, the parties have incorporated phased discovery in their proposals below.

**C. Electronic Discovery (FRCP 26(f)(3)(C))**

The parties believe that an order regarding Electronic Stored Information would be advantageous, and attach as **Exhibit A,** a proposed STIPULATION AND [PROPOSED] ORDER ESTABLISHING PROTOCOL GOVERNING PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("ESI") ("ESI Order").

**D. Privilege (FRCP 26(f)(3)(D))**

The parties jointly agree to the provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure with regard to issues relating to claims of privilege or protection as to trial-preparation material. The inadvertent production of privileged information will not waive any privilege. The parties have included in their proposed Stipulated Protective Order an order under Federal Rule of Evidence 502.

**E. Changes to Limitations on Discovery (FRCP 26(f)(3)(F))**

The parties agree that the Federal Rules of Civil Procedure and Local Rule 26.1(c) of the United States District Court for the District of Massachusetts ("Local Rules") shall control limitations on discovery, subject to certain modifications or additions to the presumptive limits, but disagree as to certain aspects of those modifications or additions:

**Agreed Modification:**

- The "one deposition" rule of the Federal Rules of Civil Procedure shall be modified, such that if a witness is deposed in Phase 1 and has knowledge relevant to a later phase of the proceedings, such witness may be deposed again in the later phase. Similarly, if a Rule 30(b)(6) topic is noticed in Phase 1 and is relevant to later phases, it may also be re-noticed in the later phase. To minimize the burden on third parties, discovery from any third party who may have documents or information relevant to both Phase 1 and a later phase may be conducted during Phase 1.

**<u>Nuance's Position:</u>**[1]

- A Rule 30(b)(6) deposition notice may not include more than 10 topics (counting conceptually distinct subparts of an enumerated item in the Notice of Deposition as separate topics). If the responding party designates multiple individuals to testify in response to a single notice, it shall count as a single deposition, provided that the aggregate time on the record for all designees does not exceed 15 hours. No single designee may be required to testify for more than 7 hours on the record.

- Pursuant to the Court's comments at the October 30, 2019 Case Management Conference:
  - Nuance shall select two patents for an initial phase of proceedings on liability issues ("Phase 1 patents").

---

[1] Nuance's positions set forth below were included in a letter to Omilia NLS dated November 8, 2019. A copy of that letter is submitted herewith as Exhibit C.

- o Discovery and all other proceedings relating to damages and the non-Phase 1 patents shall be bifurcated and stayed until resolution of the liability issues on the Phase 1 patents. For clarity, Nuance's position is that ***all*** damages discovery should be bifurcated and stayed; Omilia NLS should not be permitted to proceed with damages discovery on its proposed counterclaim if Nuance is not permitted to take damages discovery on its affirmative claims. Omilia's position on this issue is at odds with the Court's comments at the October 30, 2019 hearing concerning deferring damages discovery.
- o Nuance has provided a proposed trial date that is faster than the L.R. 16.6 timeframe, consistent with the Court's stated expectation that narrowing the Phase 1 patents would help move the case more quickly. Nuance believes that the extended periods proposed by Omilia NLS for fact and expert discovery are not necessary or warranted, even by the possible addition of its as-yet-unfiled counterclaim.
- In connection with the proposed phasing of proceedings:
  - o Claim construction on Phase 1 patents shall be limited to no more than 4 terms, with a total of no more than 10 terms to be construed for all patents in suit, in accordance with L.R. 16.6,
  - o To narrow the issues for summary judgment and trial, as contemplated by the L.R. 16.6(c)(3), Nuance proposes limiting the number of asserted claims and prior art-based invalidity defenses (and counterclaims, if any). Following the Court's Claim Construction Order, Nuance proposes

>> narrowing the asserted claims to a total of five for both patents and limiting the prior art references to no more than three per patent.

**Omilia NLS' Position**:

- Omilia NLS agrees with the concept of limiting the number of depositions, the number of 30(b)(6) deposition topics, and the number of email custodians but believes it is premature to set those limits before Omilia NLS has answered the complaint and asserted any counterclaims, as the latter may materially impact the scope of discovery in this case. Omilia NLS proposes that the parties shall confer 10 days after Omilia NLS files its answer and counterclaims to discuss proposed limitations on discovery.

- Omilia NLS agrees that, consistent with the Court's comments at the October 30, 2019 Case Management Conference, discovery relating to the non-Phase 1 patents and all damages-related issues pertaining to Nuance's patent infringement claims should be stayed. However, Omilia NLS believes that, as a matter of judicial economy and efficiency, discovery and other phases relating to Omilia NLS' non-patent related counterclaims, if any, should proceed in parallel with discovery and claim construction relating to the Phase I patents. Accordingly, Omilia NLS' proposed schedule below relating to post-claim construction fact discovery, expert discovery, dispositive motions and trial includes fact discovery, expert discovery, dispositive motions and trial as to the issues raised by Omilia NLS' non-patent counterclaims, if any, including damages. Under Omilia NLS' proposed schedule, all such phases shall be complete and the case ready for trial by mid-October 2021, consistent with the timeframe set forth in Local Rule 16.6(c)(1).

- Omilia NLS believes that the provisions of Local Rule 16.6(e) relating to claim construction proceedings, including the presumptive limit in Local Rule 16.6(e)(1)(C) to no more than 10 claim terms for construction absent good cause, should apply to the Phase 1 patents.  Omilia NLS does not believe that it is necessary or appropriate to further limit the number of claim terms to be construed as to the Phase 1 patents.

- Omilia NLS agrees with the concept of narrowing and streamlining the patent-related issues the Court will have to decide in this case but believes that, particularly due to the technology at issue, the complexity of the patents, the number of claims (49) and their breadth, limiting Omilia NLS' prior art-based invalidity defenses (and counterclaims), if any, to no more than 3 prior art references per patent is arbitrary, unprecedented and may unfairly deprive Omilia NLS of an opportunity to present its defenses.  The Local Rules do not provide for any such limitation. Nor is there any basis to tie, as Nuance does, a limitation in the number of patents and claims that Nuance may assert in Phase 1 to a limit in the number of prior art references Omilia NLS may assert as to any one patent.  Nuance is free to assert other patents in a later phase of this action.  However, particularly given the number and breadth of the claims at issue here, a three-reference-per-patent bar may unfairly preclude Omilia NLS entirely from raising certain invalidity defenses in this action altogether. Omilia NLS believes that the automatic patent-related disclosure provisions of the Local Rules are sufficient to ensure that the patent-related issues in the case remain streamlined and focused and move forward efficiently.

F.  **Protective Order Pursuant to FRCP 26(c) ((FRCP 26(f)(3)(F))**

The parties request the Court to enter a Protective Order and provide a Proposed Stipulated Protective Order attached as **Exhibit B**.

The parties specifically note that all provisions of the proposed Protective Order are agreed to by the parties and such agreement fully addresses the issues relating to source code discovery, expert access to confidential materials, and outside counsel access to confidential materials, as raised by the Court at the October 30, 2019 conference.

II.  **Parties' Positions as to a Proposed Schedule**

The table below summarizes the parties' positions as to a proposed schedule.

| Event | Rule Reference | Nuance New Proposal | Omilia New Proposal |
|---|---|---|---|
| Rule 16 Conference | October 30, 2019 | completed | |
| Serve Rule 26(a)(1) Initial Disclosures | FRCP 26(a)(1)(C): 14 days after the parties' Rule 26(f) conference | completed | |
| Plaintiff Nuance identifies two initial patents for initial phase of proceedings (the "Phase 1 patents") | | | By 11/13/19 |
| Parties' Submission of Revised Joint Statement | | | 11/13/2019 |
| Damages issues, as well as the 6 non-Phase 1 patents, bifurcated and stayed effective as of this date | | | 11/13/2019 |
| Defendant Omilia files Answer and Counterclaims | FRCP 12(4)(A) | | By 12/2/2019 |

| Event | Rule Reference | **Nuance New Proposal** | **Omilia New Proposal** |
|---|---|---|---|
| File and Serve Preliminary Infringement Contentions on initial two patents for "initial phase" | L.R. 16.6(d)(1)(A): 21 days after initial scheduling conference | 12/6/2019 | |
| Conference Concerning Preliminary Patent Disclosures | L.R. 16.6(d)(2): 21 days after 16.6(d)(1)(A) deadline | 12/20/2019 | |
| Defendant's Preliminary Production<br><br>• Technical documents<br>• Source code<br>• Product samples<br>• Grounds for Invalidity<br>• Supporting documents to Invalidity Defense<br>• Identity of Real Parties in Interest | L.R. 16.6(d)(4): 21 days after Conference Concerning Preliminary Patent Disclosures | 1/17/2020 | |
| File and Serve Preliminary Invalidity and Non-Infringement Contentions | L.R. 16.6(d)(4)(D): 21 days after Conference Concerning Preliminary Patent Disclosures | 1/17/2020 | |
| Serve Claim Terms to be Construed and Proposed Claim Constructions (Claim terms subject to construction limited by L.R. 16.6 to 10 total for all patents in suit; no more than 4 terms to be construed in initial phase) | L.R. 16.6(e)(1)(A): 21 days after Rule 16.6(d)(1)-(4) disclosures | 2/7/2020 | |
| Conference regarding construction of claim terms | L.R. 16.6(e)(1)(B): 7 days after exchange | 2/14/2020 | |
| File Joint Statement and Joint Claim-Construction Chart | L.R. 6.6(e)(1)(D): 14 days after exchange of claim terms | 2/28/2020 | |

| Event | Rule Reference | **Nuance New Proposal** | **Omilia New Proposal** |
|---|---|---|---|
| Mandatory ADR | | By 5/7/2020 ||
| File and Serve Simultaneous Opening Claim Construction Briefs – if using expert testimony, brief must include expert declaration | L.R. 16.6(e)(2): 21 days after filing joint statement | 3/20/2020 ||
| Expert Testimony – depositions on claim construction issues | L.R. 16.6(e)(3): not later than 21 days before responsive brief due date | 4/10/2020 ||
| File and Serve Responsive Claim Construction Briefs<br><br>And submit technical tutorials with responsive briefs | L.R. 16.6(e)(4): 42 days following exchange and filling of opening briefs | 5/1/2020 ||
| Claim Construction Hearing | L.R. 16.6(c)(2): 9 months after scheduling conference | 5/14/2020<br><br>Or at the Court's convenience | 5/29/2020<br><br>Or at the Court's convenience |
| Ruling on Claim Construction | 90 days after hearing, per Court's comments at 10/30/19 CMC | 8/14/2020 | 8/29/2020 |
| [Subject to Nuance's proposal to limit both asserted claims and asserted prior art after claim construction ruling]<br><br>Plaintiff Nuance to serve disclosure limiting asserted claims of Phase 1 patents to no more than 5 asserted claims | 14 days after claim construction ruling | 8/28/2020 | 9/11/2020 |

9

| Event | Rule Reference | **Nuance New Proposal** | **Omilia New Proposal** |
|---|---|---|---|
| [Subject to Nuance's proposal to limit both asserted claims and asserted prior art after claim construction ruling]<br><br>Responsive to Nuance's narrowing of the asserted claims, Omilia to serve updated invalidity contentions, asserting no more than 3 prior art references for each of the Phase 1 patents. | | 9/11/2020 | |
| Close of Fact Discovery | L.R. 16.6(c)(4): 15 months after initial scheduling conference or 60 days after the Court's ruling on claim construction, whichever is later | 10/30/2020 | 12/18/2020 |
| Serve Expert Reports Pursuant to Rule 26(a)(2) by the Party With the Burden of Proof | | 12/4/2020 | 2/19/2021 |
| Serve Responsive Expert Reports Pursuant to Rule 26(a)(2) by the Party Without the Burden of Proof | | 1/8/2021 | 4/2/2021 |
| Close of Expert Discovery | L.R. 16.6(c)(5): 18 months after initial scheduling conference or 90 days after the close of fact discovery, whichever is later | 2/5/2021 | 4/30/2021 |
| File Dispositive Motions and Daubert Motions | | 4/2/2021 | 6/4/2021 |

| Event | Rule Reference | Nuance New Proposal | Omilia New Proposal |
|---|---|---|---|
| File Oppositions to Dispositive Motions and Daubert Motions | L.R. 7.1(b)(2): 21 days after the motion is served | 4/23/2021 | 7/16/2021 |
| Summary Judgment and Daubert Motion Hearings | | 5/13/2021 | August 2021 |
| Trial | L.R. 16.6(c)(1) 24 months after scheduling conference | Trial starts mid-July 2021 | Trial starts mid-October 2021 |
| CMC to discuss schedule, sequence and issues to be addressed in potential further phase | | 28 days following return of verdict | 28 days following return of verdict |

**III.      Certifications Pursuant to Local Rule 16.1(D)(3)**

The parties have separately filed the certifications required by Local Rules 16.1(D)(3).

The parties propose that mediation be scheduled in early 2020, after they have exchanged initial disclosures under Local Rule 16.6, as indicated in the proposed schedule above.

**IV.      Service of Documents**

The parties agree that pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.4 the language "all pleadings and other paper [including discovery] must be served on other parties by electronic means" includes service by email to all undersigned counsel for the served party and/or notifying a party via email to all undersigned counsel for the served party that materials are available for download and making those materials available via secure file transfer protocol ("FTP"). The parties agree that service by email to all undersigned counsel for the served party shall be deemed equivalent to service by hand.

V. **Trial by Magistrate Judge**

The parties do not consent to trial before a Magistrate Judge.

VI. **Technical Tutorial**

Pursuant to Local Rule 16.6, the parties have conferred regarding the need for a technical tutorial, as well as the Court's expressed interest in video tutorials, and agree to provide video tutorials as set forth in the proposed schedule above.

VII. **Live Testimony at Claim Construction ("Markman") Hearing**

The parties have not yet determined whether live testimony may be required or helpful at the Claim Construction Hearing. The parties shall identify any potential witness testimony as part of their per-claim construction briefing disclosures.

VIII. **Settlement**

Plaintiff submitted a written settlement proposal to Defendant pursuant to Local Rule 16.1(c) on October 16, 2019.

Date:  November 13, 2019

/s/ *Chris Mammen*
Christian E. Mammen (admitted pro hac vice)
Carrie Richey (admitted pro hac vice)
**WOMBLE BOND DICKINSON (US) LLP**
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (408) 341-3067
Chris.Mammen@wbd-us.com
Telephone: (408) 341-3060
Carrie.Richey@wbd-us.com

Jennifer Itzkoff (MA BBO No. 675694)
**WOMBLE BOND DICKINSON (US) LLP**
Independence Wharf
470 Atlantic Avenue, Suite 600
Boston, MA 02110
Telephone: (857) 287-3142
Jennifer.Itzkoff@wbd-us.com

David Greenbaum (admitted pro hac vice)
**Nuance Communications, Inc.**
1111 Macarthur Boulevard
Mahwah, NJ 07430
(857) 214-5524
david.greenbaum@nuance.com

Christine H. Dupriest (admitted pro hac vice)
**WOMBLE BOND DICKINSON (US) LLP**
271 17th Street, Suite 2400
Atlanta, Georgia 30363
Telephone: (404) 962-7538
Christine.Dupriest@wbd-us.com

Kristin Lamb (admitted pro hac vice)
**WOMBLE BOND DICKINSON (US) LLP**
811 Main Street, Suite 3130
Houston, TX 77002
Telephone: (919) 755-8124
Kristin.Lamb@wbd-us.com

***Counsel for Plaintiff Nuance Communications, Inc.***

/s/ *Kevin C. Adam*
Kevin C. Adam (SBN 684955)
**WHITE & CASE LLP**
75 State Street, 24th Floor
Boston, MA 02109
(617) 979-9300
Kevin.adam@whitecase.com

Dimitrios Drivas (pro hac vice pending)
Raj Gandesha (admitted pro hac vice)
John Padro (pro hac vice pending)
Leon Miniovich (pro hac vice pending)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020-1095
(212) 819-8286
ddriVas@whitecase.com
rgandesha@whitecase.com
jpadro@whitecase.com
lminioVich@whitecase.com

Hallie Kiernan (admitted pro hac vice)
**WHITE & CASE LLP**
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA 94306
(650) 213-0300
hallie.kiernan@whitecase.com

***Counsel for Defendant Omilia Natural Language Solutions, Ltd.***

13

**CERTIFICATE OF SERVICE**

     I hereby certify that this document and all supporting declarations and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 13, 2019.

                                  /s/ *Chris Mammen*
                                  Chris Mammen