**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

NUANCE COMMUNICATIONS, INC.,

     Plaintiff,

     v.

OMILIA NATURAL LANGUAGE
SOLUTIONS, LTD.,

     Defendant.

Case No. 1:19-cv-11438-PBS

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING**
**HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

1. **PURPOSES AND LIMITATIONS**

     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 15.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the Parties will comply with the Court's Standing Order dated March 15, 2015 when seeking to file information under seal.

2. **DEFINITIONS**

     **2.1**    **Action**: this pending federal lawsuit.

**2.2** **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

**2.3** **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.4** **Counsel (without qualifier)**: Outside Counsel of Record (including their support staff) and In-House Counsel (including their support staff).

**2.5** **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

**2.6** **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7** **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

**2.8** **Final Disposition**: the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the

time limits for filing any motions or applications for extension of time pursuant to applicable law.

**2.9**   **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.10**   **"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items**: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Source Code includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions. Source Code includes source-code files, which are text files containing source code. These include, but are not limited to, files containing source code written in "C," "C++," Java, JavaScript, PHP, Ruby, C# (C Sharp) assembler, VHDL, Verilog, Python, and digital signal processor programming languages, as well as "include files," "make" files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or digital signal processor. Source Code does not include "Public Source Code" (see below).

**2.11**   **In-House Counsel**: attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.12**   **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.13**   **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

**2.14**   **Party**: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.15**   **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.16**   **Professional Jury and Trial Consultant(s)**:   persons or entities that provide professional jury or trial consulting services, including the production of graphic or visual aids, and their employees and subcontractors.

**2.17**   **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.18**   **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.19**   **Public Source Code**: (1) publicly available source code; (2) source code that is not CONFIDENTIAL (e.g., source code that is available from a publicly accessible and unprotected website or other Internet location, e.g., an FTP site); and (3) source code—including

excerpts—that are or have been openly presented or discussed by the Producing Party at public presentations or on the Producing Party's website. This provision would not require the Producing Party to print Public Source Code from the Source Code Computer described below in Section 10 but would also not prevent printing portions of Public Source Code that might appear along with confidential source code.

**2.20   Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

**3.1**   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) Public Source Code. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      **DURATION**

4.1     Even after Final Disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      **DESIGNATING PROTECTED MATERIAL**

5.1     **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

5.3     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.4     **Manner and Timing of Designations**. Except as otherwise provided in this Order (e.g., Sections 5.5(b), 5.5(c), and 5.6 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

**5.5**     Designation in conformity with this Order requires:

**5.5(a)**   <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

**5.5(b)**   A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

**5.5(c)**   If the Designating Party is a different party from the Producing Party, the Designating Party may make confidentiality designations promptly after receiving a production from the Producing Party.  The Producing Party must then substitute the disclosure or production with one containing the designations requested by the Designating Party.   In the event of a dispute over the propriety of the Designating Party's confidentiality designations, the procedures in Section 6, below, shall govern.

**5.5(d)**   for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party, or his/her counsel, or any counsel representing any person or Party at the deposition, may identify on the record, before the close of the deposition, hearing, or other proceeding, may designate such testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE," as appropriate. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party, or his/her counsel, or any counsel representing any person or Party at the deposition, may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party, or his/her counsel, or any counsel representing any person or Party at the deposition, may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**5.5(e)**   Each Party shall give the other Party notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Party can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**5.5(f)**   Any portion of the transcript reflecting material designated "HIGHLY CONFIDENTIAL SOURCE CODE" shall be presumptively treated in accordance with the procedures pertaining to Source Code.

**5.5(g)**   Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted. The Designating Party or his/her counsel, or any counsel representing any person or Party at the deposition, shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

**5.5(h)**   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

 5.6 **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

 6.1 **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

 6.2 **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered,

to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     **Judicial Intervention**. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with the Court's March 15, 2015 Standing Order, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing

to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1**    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of the FINAL DISPOSITION section below.

**7.2**    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.3**    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**7.3(a)**   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

**7.3(b)**   Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**7.3(c)**   the Court and its personnel;

**7.3(d)**   court reporters and their staff,

**7.3(e)**   Professional Jury and Trial Consultants and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**7.3(f)**   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

**7.3(g)**   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.3(h)**   anyone authorized by the Designating Party;

**7.3(i)**   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

**7.3(j)**   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Discovery Material marked "CONFIDENTIAL" and to keep any information concerning Discovery Material marked "CONFIDENTIAL" confidential; and

**7.3(k)**   the officers, directors, and employees (including In House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**7.4**   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons listed in Sections 7.3(a)-7.3(i).   For the avoidance of doubt, procedures for handling and treatment of information designated "HIGHLY CONFIDENTIAL-SOURCE CODE" are separately addressed in Section 10, below.

## 8.   PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURES TO EXPERTS AND PROFESSIONAL JURY AND TRIAL CONSULTANTS

**8.1**   Counsel for a party receiving Protected Material may not disclose any material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE" to a proposed Expert or Professional Jury and Trial Consultant unless the following provisions (and any other applicable provisions herein) are complied with:

**8.1(a)**   Counsel shall first provide a copy of this Protective Order to such person, who shall sign the Agreement attached hereto as Exhibit A;

**8.1(b)**   At least fourteen (14) days before the first such disclosure, counsel for the Receiving Party shall notify the Producing Party in writing of its intent to disclose CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL-SOURCE CODE discovery material to such person.

**8.2**   The notice shall include (1) an executed copy of the "Exhibit A" Agreement, (2) a copy of such person's most recent curriculum vitae, (3) an identification of all such person's past and present employment and/or consulting relationships for the last four years, (4) a listing of cases in which the witness has testified as an expert at trial or by deposition within last four years (and for whom); and (5) an indication of whether the person is a current officer, director, or employ of a Party or anticipates, at the time of retention, to become an officer, director, or employee of a Party if either applies.

**8.3**     If the Producing Party objects to the disclosure of CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL-SOURCE CODE material to such person, the Producing Party shall notify counsel for the Receiving Party in writing of the Producing Party's objection(s) within the fourteen (14) days of receiving the notice. Any objection must be made for good cause, stating with particularity the reasons for the objection.

**8.4**     Should the Receiving Party disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within five (5) business days of the Producing Party's objection, the Producing Party may seek redress from the Court, including seeking protective order, moving to disqualify the objected to person, or making a submission to the Court in accordance with the Court's discovery dispute procedures, including L.R. 37.1. Pending a ruling by the Court upon any such objection(s), the CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL-SOURCE CODE material may not be disclosed to the person objected to by the Producing Party.  If the Producing Party does not file a request with the Court within ten (10) days of having provided an objection to disclosure, the Receiving Party may proceed with disclosures to the Expert.

**8.5**     Nothing herein prevents a Party from subsequently objecting to disclosure of Protected Material to an expert (or any person) if such a Party later (even if after originally not objecting) learns of a basis for so objecting.

**9.     PROSECUTION BAR**

**9.1**     Subject to the subsection 9.2, absent written consent from the Producing Party, any individual who reviews another Party's information that is properly designated "HIGHLY CONFIDENTIAL-SOURCE CODE" or another Party's technical information that is properly

designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be involved in the prosecution of patents or patent applications relating to interactive voice response technology and cross-channel capabilities (e.g., between text and voice), including without limitation the patents asserted in this Action and any patent or application claiming priority to or otherwise related to the patents asserted in this Action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims (e.g., original prosecution, reissue, and reexamination proceedings).  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL-SOURCE CODE" or technical information that is designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" is first received by the affected individual and shall end one (1) year after final termination of this Action.

  **9.2**  The Prosecution Bar restrictions herein do not apply generally to the law firms involved in this Action, but only to the specific individuals who reviewed another Party's information designated "HIGHLY CONFIDENTIAL-SOURCE CODE" or technical information that is designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." The Prosecution Bar restrictions do not apply to information that does not qualify as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"  or "HIGHLY CONFIDENTIAL-SOURCE CODE" material described in this Section.

  **9.3**  Challenges to any prosecution-bar designation are governed by Section 6.

10.    **SOURCE CODE**

**10.1(a)** The provisions of this Section do not apply to Public Source Code.

**10.1(b)** A Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

**10.1(c)** Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth above, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed.

**10.1(d)** Source Code shall be made available for inspection (not produced) in its original directory structure.

**10.1(e)** The Source Code shall be in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's Outside Counsel of Record (for Omilia, White and Case LLP's Boston office; for Nuance, at Womble Bond Dickinson (US) LLP's Boston office) or another mutually agreed upon location that is reasonably convenient for the Receiving Party and any experts to whom the Source Code may be disclosed.

**10.1(f)** The Source Code shall not be zipped or otherwise need to be extracted or unpacked.  If multiple versions of Source Code are provided, they shall be clearly identified.

**10.1(g)** All persons who will review the Source Code on behalf of the Receiving Party shall be identified in writing to the Producing Party at least seven (7) business days in advance of the first time that such person reviews the Source Code. Such identification shall be in addition to any other disclosure required by this Order. The Producing Party shall provide

these individuals with information explaining how to start, log on to, and operate the Source Code Computer in order to access the Source Code on the Source Code Computer.

10.1(h) For subsequent reviews by the same persons, the Receiving Party shall give at least three business days (and at least 72 hours) notice to the Producing Party of the identity of those persons who will review the Source Code a subsequent time. Requests made at least 48 hours in advance shall be accommodated if it is not burdensome to do so.

10.1(i) The Source Code shall be made available for inspection on a secured computer ("Source Code Computer") in a secured room without Internet access or network access to other computers. The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Producing Party may monitor the activities of the Receiving Party's representatives during any source code review but only as is reasonable to ensure compliance with this Protective Order and in a manner that will not interfere with the Receiving Party's confidential communications or otherwise invade the Receiving Party's attorney work product, and that will afford the Receiving Party adequate privacy to permit the development of appropriate work product.

10.1(j) Upon a Receiving Party's request and with at least seven business days' notice, the Producing Party shall bring the Source Code Computer to a deposition that will involve the source code so that the witness can respond to questions regarding the source code during examination.

10.1(k) Receiving Party shall be entitled to take notes relating to the Source Code. The notes may contain the names of source code classes, functions, and variables. The notes may include any information as long as they do not contain more than 5 contiguous lines and 50 total lines of actual, verbatim copied Source Code.

**10.1(l)**  No electronic devices, including but not limited to cellular phones, PDAs, cameras, and voice recorders will be permitted in the room with the Source Code Computer. Laptops may be used during inspection of the Source Code for notetaking, provided such use is consistent with this Stipulated Protective Order (e.g., any camera, wi-fi, or other non-permitted functionality will not be used).  The Producing Party must provide the Receiving Party's source code reviewers with a "breakout room" that is separate from the room containing the Source Code Computer, where the Receiving Party's source code reviewers may keep their cell phones, etc., and have access to the Internet. Such notes, whether handwritten or taken electronically, shall not be the subject of discovery or inquiry at trial.  Any printouts of the reviewers' notes containing source code should be marked "HIGHLY CONFIDENTIAL-SOURCE CODE".

**10.1(m)** The Producing Party shall install tools that are sufficient for viewing and searching the code produced, and encrypting and decrypting files (such as the Producing Party's notes regarding the source code), on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel, consultants, and/or experts may request that commercially available software tools for viewing and searching source code, and encrypting and decrypting the Receiving Party's notes regarding the source code, be installed on the Source Code Computer, provided, however, that (a) the Receiving Party or the Producing Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, said approval not  to  be unreasonably withheld; and (c) the Receiving Party reasonably believes that such software tools would assist the Receiving Party in performing its review of the Source Code consistent with all of the protections herein. Unless the requested software tools are already available to the Producing Party, the Receiving Party must provide the Producing Party with

such licensed software tool(s) at least four (4) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

**10.1(n)** The Source Code Computer shall include tools to reasonably facilitate an expeditious and efficient inspection of the source code. The Parties will work together in good faith to disclose information that will facilitate such efficiency. Subject to the preceding paragraph, the Receiving Party will include these tools on the source-code computer. These tools include:

(1)     a copy of Microsoft Word;

(2)     a development environment, either Jupyter Notebook and/or Atom with the Hydrogen package, including Python and Python packages necessary to run the Producing Party's Source Code  (e.g. scikit-learn, numpy, pandas, keras, etc.);

(3)     text editor such as Notepad ++ capable of printing out source code with filename, page and line number;

(4)     a source-code comparison tool such as a "diff" tool;

(5)     a search tool that allows searching across files, such as Power Grep or Windows Grep (as the case may be);

(6)     a copy of "Understand" by SciTools;

(7)     for a Windows environment, Cygwin (a Unix/Linux emulator) including the base packages and packages for Python and Vim; and for non-Windows machines, Python.

**10.1(o)** The Receiving Party may also have installed additional tools on reasonable notice and request, and at its own expense unless the Producing Party can have the

additional tools installed at no out-of-pocket cost. The Receiving Party must provide the Producing Party with the CD or DVD (or download link) to any such tool(s) at least seven business days in advance of the date upon which the Receiving Party wishes to have the tool(s) available for use. Should it be necessary, other mutually agreed upon tools may be used with the Receiving Party undertaking actions to enable the same. The Producing Party may object to the use of any tool requested by the Receiving Party pursuant to this paragraph, but must do so by notifying the Receiving Party of its objections and the reasons for its objections within three (3) business days after the reasonable written notice and request (or other reasonable period, depending on the circumstances).

10.1(p) The Source Code shall include build files including, as applicable, make files, Microsoft Visual Studio files, model parameters, build scripts, deployment scripts, ANT files, data definitions (that can be sharable or expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module), and the like. If the Producing Party's source code interacts with a database, a test or sample database will be provided along with a program for viewing such database (i.e, SQL client). If providing such a database would not be practical, then—as part of the Producing Party's document production—the Producing Party shall produce database schematics that clearly identify the table names, column names, default values, entry points, etc.  For neural networks and machine learning algorithms, the Producing Party shall provide each of the distinguishing features used for training, including data labels and classifications.

10.1(q) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for any other

purpose including the purposes of reviewing the source code other than electronically as set forth above in the first instance. The Receiving Party shall not request the printing of source code solely to review blocks of source code elsewhere, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer. The Producing Party shall provide all such Source Code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL-SOURCE CODE". A request to print more than 10 consecutive pages is presumptively unreasonable. After Source Code is produced in the Action, the Parties agree to confer as to a limit on the total number of requested pages that is presumptively unreasonable. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

**10.1(r)** The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**11.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**11.1**    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

**11.1(a)** promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

**11.1(b)** promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

**11.1(c)** cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

**11.2**    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 12.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

**12.1**     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**12.2**     If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

**12.2(a)** promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**12.2(b)** promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

**12.2(c)** make the information requested available for inspection by the Non-Party.

**12.2(d)** If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party

before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 13.       UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

**13.1**       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 14.       INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

**14.1**       The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work-product and no Producing Party shall be held to have waived any rights thereunder by inadvertent production. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. This Stipulated Protective Order constitutes the parties' agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, and, when adopted by the Court constitutes and order pursuant to Federal Rules of Evidence 502(d) and (e).  Inadvertent production of material subject to a claim of privilege or

other similar protection will not constitute a waiver absent a court determination that waiver of such privilege or other protection occurred.

15.    **MISCELLANEOUS**

15.1    <u>**Right to Further Relief**</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

15.2    <u>**Right to Assert Other Objections**</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.3    <u>**Export Control**</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

15.4    <u>**Filing Protected Material**</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Court's Standing Order. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant the Court's Standing Order, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to

file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

## 16.    FINAL DISPOSITION

**16.1**    After the Final Disposition of this Action, within 60 days, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October 23, 2019

/s/ *Jennifer Itzkoff*
Jennifer Itzkoff (MA BBO No. 675694)
**WOMBLE BOND DICKINSON (US) LLP**
Independence Wharf
470 Atlantic Avenue, Suite 600
Boston, MA 02110
Telephone: (857) 287-3142
Jennifer.Itzkoff@wbd-us.com

David Greenbaum (admitted pro hac vice)
**Nuance Communications, Inc.**
1111 Macarthur Boulevard
Mahwah, NJ 07430
(857) 214-5524
david.greenbaum@nuance.com

Christian E. Mammen (admitted pro hac vice)
Carrie Richey (admitted pro hac vice)
**WOMBLE BOND DICKINSON (US) LLP**
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (408) 341-3067
Chris.Mammen@wbd-us.com
Telephone: (408) 341-3060
Carrie.Richey@wbd-us.com

Christine H. Dupriest (admitted pro hac vice)
**WOMBLE BOND DICKINSON (US) LLP**
271 17th Street, Suite 2400
Atlanta, Georgia 30363
Telephone: (404) 962-7538
Christine.Dupriest@wbd-us.com

Kristin Lamb (admitted pro hac vice)
**WOMBLE BOND DICKINSON (US) LLP**
811 Main Street, Suite 3130
Houston, TX 77002
Telephone: (919) 755-8124
Kristin.Lamb@wbd-us.com

***Counsel for Plaintiff Nuance Communications,
Inc.***

/s/ *Kevin C. Adam*
Kevin C. Adam (SBN 684955)
**WHITE & CASE LLP**
75 State Street, 24th Floor
Boston, MA 02109
(617) 979-9300
Kevin.adam@whitecase.com

Dimitrios Drivas (pro hac vice pending)
Raj Gandesha ( admitted pro hac vice)
John Padro (pro hac vice pending)
Leon Miniovich (pro hac vice pending)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020-1095
(212) 819-8286
ddriVas@whitecase.com
rgandesha@whitecase.com
 jpadro@whitecase.com
lminioVich@whitecase.com

Hallie Kiernan (admitted pro hac vice)
**WHITE & CASE LLP**
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA 94306
(650) 213-0300
hallie.kiernan@whitecase.com

***Counsel for Defendant Omilia Natural
Language Solutions, Ltd.***

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: _2/7/2020_   _____

Judge Patti B. Saris
United States District Court
District of Massachusetts

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the Unites States District Court for the District of Massachusetts in the case of.

*Nuance Communications, Inc., et al. v. Omilia Natural Language Solutions, LTD.*, Civil Action No. 1:19-

cv-11438-PBS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Massachusetts for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full

address and telephone number] as my Massachusetts agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                       [printed name]

Signature: _____
                     [signature]