**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC.,<br><br>　　　Plaintiff and Counterclaim Defendant,<br><br>　　v.<br><br>OMILIA NATURAL LANGUAGE SOLUTIONS, LTD.,<br><br>　　　Defendant and Counterclaim Plaintiff. | Case No.  1:19-CV-11438-PBS |

**OMILIA NATURAL LANGUAGE SOLUTIONS, LTD.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SUPPLEMENT ITS PRELIMINARY NON-INFRINGEMENT AND INVALIDITY CONTENTIONS**

Pursuant to Local Rule 16.6(d)(5) and the joint Modified Scheduling Order (ECF No. 101), Defendant and Counterclaim Plaintiff Omilia Natural Language Solutions, Ltd. ("Omilia") moves for leave to supplement its Preliminary Non-Infringement and Invalidity Contentions ("Preliminary Contentions").  On Friday October 16, 2020, Nuance narrowed its claims of patent infringement to five asserted claims: claims 1, 14, and 27 of U.S. Patent 6,999,925 (the '925 Patent) and claims 17 and 19 of U.S. Pat. No. 8,532,993 (the '993 patent).  The case schedule provides for Omilia to supplement its invalidity contentions on those five asserted claims by October 30, 2020. ECF No. 101.  In addition to seeking leave to supplement its invalidity contentions, Omilia seeks leave to supplement its non-infringement contentions.  A copy of Omilia's proposed Second Supplemental Non-Infringement and Invalidity Contentions ("Second Supplemental Contentions") are attached to this motion.  Declaration of Daniel S. Sternberg ("Sternberg Decl."), Exhibit A.

Local Rule 16.6(d)(5) permits a party to supplement preliminary non-infringement and

invalidity contentions with leave of the court upon a showing of good cause. L.R. 16.6(d)(5). Omilia has good cause to supplement its contentions. Omilia's proposed Second Supplemental Contentions are necessary to (1) account for and respond to Nuance's August 24, 2020 Response to Interrogatory No. 9, which further describes its interpretations of the asserted claims as well as provides new details on its infringement allegations and (2) to address the claim constructions and guidance in the Court's August 6, 2020 *Markman* order. ECF No. 157. Omilia's Second Supplemental Contentions focus the patent infringement and invalidity issues on the five remaining asserted claims from the Phase 1 patents. These supplemental contentions provide detail on Omilia's contentions, including in charts by reference and patent format as requested by Nuance. For example, they provide additional documentary evidence as to why the accused Omilia products are non-infringing as a result of activities outside the United States and operate in fundamentally different ways than what is claimed in the asserted patents and asserted in Nuance's Response to Interrogatory No. 9. These contentions provide additional detail on why the previously identified prior art render the asserted claims invalid. Omilia's supplemental invalidity contentions are also necessary to disclose several new prior art references that were recently discovered. *See* Sternberg Decl. ¶¶ 4-6. These references were not previously identified despite a diligent search that included multiple commissioned prior art searches and diligent investigation by counsel. *Id.* at ¶ 4. Instead, they were only recently identified by Omilia's voice recognition technology consultant in preparation for supplementing Omilia's invalidity contentions. *Id.* at ¶¶ 5-6. Discovery concerning the invalidity issues in this case has been limited by the fact that Nuance acquired the Phase 1 patents and thus is unable to provide discovery concerning the prosecution, purported inventions and products associated with the subject matter of the asserted claims. Nuance did not develop or apply for the subject matter in either of the asserted patents but

instead purchased them from IBM and AT&T.  No depositions or discovery has been provided from the inventors or the non-public prosecution history files.  As a result, Omilia has had to and will continue to need to conduct additional searches and third party discovery to complete its evaluation of the invalidity issues as to these two patents.

Allowing Omilia to amend its contentions serves the interest of fairness and judicial economy as it will help the parties to narrow, prioritize and resolve the Phase 1 patent issues.  Good cause exists for supplementation in view of the status of the litigation and the timing of these disclosures.  Omilia's Motion to Supplement is consistent with the parties' joint Modified Scheduling Order (ECF No. 101) requiring these disclosures.  This case remains at an early stage.  Fact discovery is ongoing and will not close until March 30, 2021.  Expert discovery will not close until June 29, 2021.  Nuance has not completed its document production.  No depositions have occurred.  These supplemental contentions will also not affect the completion of discovery nor will it unduly prejudice Nuance.

Omilia met and conferred with Nuance on October 30, 2020.  Nuance indicated that it reserves all rights, but at this time does not consent to Omilia's motion for leave to supplement at least as it relates to Omilia's non-infringement contentions and the addition of prior art references to Omilia's invalidity contentions.

For the reasons stated above, Omilia respectfully requests that the Court find that good cause exists and grant Omilia's motion to supplement its Preliminary Non-Infringement and Invalidity Contentions.

Dated: October 30, 2020

Respectfully Submitted,

/s/ *Daniel S. Sternberg*
Kevin C. Adam (SBN 684955)
Daniel S. Sternberg (SBN 688842)
WHITE & CASE LLP
75 State Street, 24th Floor
Boston, MA  02109
(617) 979-9300
kevin.adam@whitecase.com
daniel.sternberg@whitecase.com

Of Counsel:
Dimitrios Drivas (*admitted pro hac vice*)
Raj Gandesha (*admitted pro hac vice*)
Stefan Mentzer (*admitted pro hac vice*)
John Padro (*admitted pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020-1095
(212) 819-8286
ddrivas@whitecase.com
rgandesha@whitecase.com
smentzer@whitecase.com
john.padro@whitecase.com

Hallie Kiernan (*admitted pro hac vice*)
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306
(650) 213-0300
hallie.kiernan@whitecase.com

*Counsel for Omilia Natural Language Solutions, Ltd*

**CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on October 30, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.4 (c).

                                          /s/ *Daniel S. Sternberg*
                                          Daniel S. Sternberg