**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

NUANCE COMMUNICATIONS, INC.,

        Plaintiff and Counterclaim
        Defendant,

   v.

OMILIA NATURAL LANGUAGE
SOLUTIONS, LTD.,

        Defendant and Counterclaim
        Plaintiff

Case No.  1:19-CV-11438-PBS

**OMILIA'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR
RECONSIDERATION OF THE COURT'S PARTIAL DENIAL OF
OMILIA'S MOTION TO SUPPLEMENT ITS PRELIMINARY
NON-INFRINGEMENT AND INVALIDITY CONTENTIONS**

Omilia respectfully requests reconsideration of the Court's decision (Dkt. No. 199) denying

in part Omilia's Motion to Supplement its Preliminary Non-Infringement and Invalidity

Contentions as to Omilia's request to supplement its non-infringement and 35 U.S.C § 112

invalidity contentions.  In addition, Omilia seeks clarification that the materials to which Nuance

did not object may be supplemented.  There is good cause for this supplement and denial of the

motion would be manifestly unfair.

**I.**    **RECONSIDERATION IS APPROPRIATE BECAUSE THE COURT WAS NOT
FULLY APPRISED OF PERTINENT FACTS**

In its motion to supplement, Omilia explained that good cause existed to supplement its

contentions to "account for and respond to Nuance's August 24, 2020 Response to Interrogatory

No. 9, in which Nuance describes its interpretations of the asserted claims as well as new details

on its infringement allegations."  Dkt. No. 191, at 2.  Nuance's Response to Interrogatory No. 9

disclosed new infringement theories and accused new functionalities of Omilia products after

claim construction.  Nuance's opposition did not acknowledge the extent of the new theories alleged in Nuance's Response to Interrogatory 9 and the reasoning for Omilia's supplementation.

Omilia's proposed supplementations are directly responsive to the new arguments raised by Nuance in its August 24, 2020 response to Omilia's Interrogatory 9.  Upon receipt of Nuance's response to Interrogatory No. 9, Omilia was diligent in investigating and disclosing its responsive theories.  Nuance has sought to introduce new infringement issues into this case without filing a motion for leave to supplement as required by the local rules.  *See* L.R. 16(d)(5) ("The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend disclosures").  Any alleged delay in Omilia's supplementation resulted from Nuance's representations that it would be further supplementing its infringement contentions.

In its opposition to Omilia's motion to supplement, Nuance failed to acknowledge that it revised its infringement contentions in its response to interrogatory No. 9 and that it did not follow the local rules by filing a motion to supplement its infringement contentions.  It is, therefore, appropriate for the Court to reconsider its prior ruling in light of facts material to the Court's determination and in light of the additional facts presented in this motion.  *United States ex rel. Williams v. City of Brockton*, No. 12-cv-12193-IT, 2016 U.S. Dist. LEXIS 178031, at *2 ("the court will allow a motion for reconsideration only if it has misapprehended a material fact or point of law.") (internal quotation omitted); *see also United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) ("Motions for reconsideration are appropriate … if the movant can demonstrate that the original decision… was clearly unjust.").

After the Court's order on the Motion to Supplement, Omilia inquired of Nuance's counsel whether Nuance would further supplement its infringement contentions and whether Nuance would object to Omilia responding to such a supplement.  Nuance responded that it would likely

supplement once its review of Omilia's source code was complete and that it would oppose an Omilia response to such supplementation. *See* Declaration of Hallie Kieran ("Kieran Decl."), Ex. A (November 13, 2019 Email from Dupriest to Kiernan). It is unfair for Nuance to potentially present new theories without affording Omilia a chance to respond to them.

## II.   GOOD CAUSE EXISTS FOR OMILIA'S SUPPLEMENT TO ITS NON-INFRINGEMENT AND 35 U.S.C. § 112 INVALIDITY CONTENTIONS

Good cause exists to allow Omilia to supplement its non-infringement and 35 U.S.C § 112 invalidity contentions. Nuance has materially changed its infringement theories after claim construction and has failed to comply with the local rules requiring leave to supplement these infringement theories. On August 24, 2020, weeks after the Court's claim construction ruling, Nuance submitted its response to Interrogatory No. 9, which alleged that Omilia functionality not previously identified by Nuance infringed the '925 and '993 patents under new infringement theories. *See* Kiernan Decl., Ex. B (Nuance's August 24, 2020 Response to Omilia's Second Set of Interrogatories (No. 9)). For example, Nuance for the first time asserted that certain Omilia acoustic models created by "transfer learning" infringed the '925 patent, (*compare id*. at A-2, A-11, A-19, A-31, *with* Kiernan Decl. Ex. D at A-2, A-9, A-15, A-48 (Nuance's Infringement Claim Charts Pursuant to Local Rule 16(d)(1)(A)), and that the '993 patent was infringed because of alleged functionality that is not actually present in the language models used in Omilia's commercial products (*compare* Kiernan Decl. Ex. B at B-3, B-6, B-7, *with* Kiernan Decl. Ex. D (Nuance's December 6, 2019 Infringement Claim Charts Pursuant to Local Rule 16(d)(1)(A)) at B-3, B-6, B-7). These are substantial departures from Nuance's original conclusory infringement theories and raise a new set of factual and legal issues.

Omilia's Interrogatory No. 9 was necessitated by Nuance's refusal to provide meaningful infringement contentions. Nuance's operative infringement contentions were served on December

6, 2019 and did not describe specific functionalities or bases for infringement.  *See* Kiernan Decl., Ex. D at 3-5.  Nuance's December 2019 contentions cite no evidence in support.  *Id.*  For example, they fail to identify the reasons why, or any evidence as to how any Omilia "acoustic models" are created by "re-estimating" the "first decision network" and "first phonetic contexts" ('925 patent claims) or how Omilia uses "pronunciation probabilities" in a "language model" ('993 patent).  Instead they just parrot the claim language with nothing more.  *Id.* at A-15, B-6.  These contentions do not afford Omilia any notice of Nuance's theories.  Omilia has raised these issues and the underlying lack of viability of the infringement claims of both patents since July 15, 2020.  *See* Kiernan Decl. Ex. E (July 15, 2020 Letter from Gandesha to Mammen).  Nuance refused to supplement its infringement allegations.  Omilia was left with no recourse but to use one of its 25 interrogatories to ascertain additional information about Nuance's infringement theories, despite the obligatory disclosure under the Local Rules.

Two weeks after its August 2020 response to Interrogatory No. 9, Nuance further represented it would be seeking leave to add these new theories at some future undisclosed date:

> [O]nce Omilia has made a complete production of its source code and technical documents, Nuance intends to seek leave to amend and supplement its contentions to identify additional evidence supporting its infringement theories. Until then, Nuance refers Omilia to its recently-served response to Interrogatory No. 9.

*See* Kiernan Decl. Ex. C (Sept. 3, 2020 letter from Mammen to Gandesha).

Omilia expected Nuance would do so at least when it narrowed its asserted claims on October 16, 2020.  It did not.  Concerned with Nuance's continued refusal to supplement its contentions, Omilia took the initiative to affirmatively disclose its substantive responses, which is consistent with the continuing duty to supplement disclosures under L.R. 116.7.  Omilia should not be penalized for Nuance's refusal to seek leave to supplement its infringement contentions.  Had Nuance actually complied with the local rules and sought leave to add its new infringement

theories, there would be no dispute as to Omilia's ability to supplement.  *See* L.R. 16.6(d)(5) ("If one party is allowed to amend its disclosures, the opposing party may, within 28 days after service of the amended disclosures, serve responsive amended disclosures.").  Omilia is merely seeking the opportunity to respond to these new theories and narrow the issues in this case.

There is no justification for Nuance's continued delay in supplementing.  The source code for the accused products has been available since January, yet Nuance has not identified any source code in its contentions.  Nuance has failed to abide by its continuing obligations to supplement its contentions.  Fed. R. Civ. P. 26(e); L.R. 116.7.  Moreover, requesting additional information does not absolve Nuance of its duty to supplement months ago, particularly where it has advanced different infringement theories.  The entirety of Omilia's source code repository has been available for inspection since October 7, 2020.  Nuance still has not supplemented its contentions or provided a date for when it will supplement its basic infringement contentions.

Omilia's supplement is directly responsive to Nuance's new infringement allegations and there exists good cause for Omilia's supplement.  *See Sonix Technology Co. Ltd. v. Publications International Ltd.*, No. 13-cv-2082, 2015 U.S. Dist. LEXIS 104153, at *24 (N.D. Ill. Aug. 10, 2015) (finding good cause and allowing supplement of both non-infringement and invalidity contentions because plaintiff disclosed a new infringement theory).  The only issues in Omilia's supplement to which Nuance objected are (1) the purported addition of three non-infringement arguments and (2) the addition of two new 35 U.S.C. § 112 invalidity arguments.  Dkt. No. 198 at 1-4 (also the addition of three newly discovered prior art references, which were permitted by the Court).

The three allegedly new non-infringement arguments in Omilia's proposed supplement were either previously disclosed or included to address Nuance's new claim interpretation.  For

the '925 patent, Omilia's previous June 9, 2020 non-infringement contentions specifically identify that Omilia's products do not "partition said training data" and that there is no "domain-specific training data" identified by Nuance.  Kiernan Decl. Ex. F at 7-8, 9.  Omilia's proposed supplement merely adds more evidence and detail to support the previous positions it disclosed and specifically responds to Nuance's new allegations as to what it means to "partition" and any alleged "domain-specific training data" that were first disclosed in Nuance's August 24, 2020 Response to Interrogatory No. 9.  Dkt. No. 192-1 (filed under seal), Appendix 1, at 9-10.  Omilia's alleged addition as to the '993 patent likewise responds to Nuance's new allegations concerning how Omilia meets the "computer-readable storage" preamble, which Nuance did not identify as non-limiting.  Kiernan Decl. Ex. D at B-29 (incorporating the disclosure element 9(p)(3) starting on B-17).  In addition, Omilia previously disclosed that Nuance had failed to demonstrate how Omilia satisfies the "computer-readable" claims.  Kiernan Decl. Ex. F at 10.

Omilia's additional 35 U.S.C. § 112 invalidity arguments respond to the fact that Nuance is now asserting claims in a manner such that the claims are no longer supported by the written description and enabled by the patents.  These are a direct consequence of Nuance's revision of its infringement theories after claim construction by way of an interrogatory response.  For example, in the '925 patent, Nuance's August 24, 2020 interrogatory response asserts that the patents can cover "partitioning [of] training data" in a manner that was previously undisclosed.  Kiernan Decl., Ex. B at A-19, A-22.  Omilia should be permitted to rebut that argument by pointing out that Nuance's belated interpretation is not disclosed in nor supported by the patent and would render the patent invalid.

The inclusion of these issues do not unduly prejudice Nuance.  Discovery is ongoing and Nuance has more than four months to conduct any discovery needed on these issues.

### III.    OMILIA REQUESTS CLARIFICATION AS TO THE COURT'S ORDER

Omilia also seeks clarification as to whether it may supplement its contentions with the additional evidence and support for theories that had already been disclosed in its prior contentions, and which were not disputed by Nuance in its Opposition.  For example, Omilia's supplemental contentions provide further evidence demonstrating why Omilia's products do not make use of pronunciation probabilities in a language model, as required in the '993 patent or why Omilia does not create or use "acoustic models" created as described in the '925 patent, or why the previously disclosed prior art renders the '925 patent invalid.  *See* Dkt. No. 192-1 (filed under seal) at 28-30, Appendix 2 at 2-3, 5, 7-13 and Appendix 1, at 1-8, 10-17.  These were all disclosed in Omilia's June 9, 2020 contentions.  *See* Kiernan Decl. Ex. F at 16-18.  Moreover, this information is now provided in chart form, as requested by Nuance.  The information will provide Nuance more detailed notice of Omilia's invalidity and non-infringement positions and allow Nuance to better evaluate the merits of its case and prepare for trial.

Nuance did not object to these aspects of Omilia's proposed supplemental disclosures.  *See* Dkt. No. 198 at 1 (only objecting to the addition of three new prior art references, three new alleged non-infringement arguments and two § 112 invalidity arguments).  In any case, there remains good cause for this supplement as the evidence was identified during the course of discovery and responds to Nuance's requests for clarifications as well as Nuance's new infringement theories.  *See Sonix Technology*, 2015 U.S. Dist. LEXIS 104153, at *24.  Omilia diligently sought to supplement its contentions with this information, in an effort to narrow the issues of this case.

### IV.    CONCLUSION

Nuance has materially changed its infringement arguments.  Omilia seeks to supplement its contentions to respond to Nuance's new theories.  This will allow the parties to identify and narrow any potential issues and prepare for trial.  Omilia requests that the Court reconsider its

ruling on the motion for leave and allow Omilia to supplement its contentions as originally proposed.  To the extent Omilia is not permitted to do so, Omilia asks that Nuance be precluded from asserting any infringement theory and evidence beyond what it initially disclosed in its December 6, 2019 infringement contentions.

Dated:    November 18, 2020                             Respectfully Submitted,


                                                        By /s/ Daniel S. Sternberg

                                                        Kevin C. Adam (SBN 684955)
                                                        Daniel S. Sternberg (SBN 688842)
                                                        WHITE & CASE LLP
                                                        75 State Street, 24th Floor
                                                        Boston, MA  02109
                                                        (617) 979-9300
                                                        Kevin.adam@whitecase.com
                                                        Daniel.sternberg@whitecase.com

                                                        Of Counsel:
                                                        Dimitrios Drivas (*admitted pro hac vice*)
                                                        Raj Gandesha (*admitted pro hac vice*)
                                                        Stefan Mentzer (*admitted pro hac vice*)
                                                        John Padro (*admitted pro hac vice*)
                                                        WHITE & CASE LLP
                                                        1221 Avenue of the Americas
                                                        New York, NY  10020-1095
                                                        (212) 819-8286
                                                        ddrivas@whitecase.com
                                                        rgandesha@whitecase.com
                                                        smentzer@whitecase.com
                                                        john.padro@whitecase.com

                                                        Hallie Kiernan (*admitted pro hac vice*)
                                                        WHITE & CASE LLP
                                                        3000 El Camino Real
                                                        Two Palo Alto Square, Suite 900
                                                        Palo Alto, CA  94306
                                                        (650) 213-0300
                                                        hallie.kiernan@whitecase.com

                                                        *Counsel for Omilia Natural Language Solutions, Ltd.*

### CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on November 18, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.4 (c).

/s/ *Daniel S. Sternberg*
Daniel S. Sternberg