IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC.,<br><br>　　　　Plaintiff and Counterclaim<br>　　　　Defendant,<br><br>　v.<br><br>OMILIA NATURAL LANGUAGE<br>SOLUTIONS, LTD.,<br><br>　　　　Defendant and Counterclaim<br>　　　　Plaintiff. | Case No. 1:19-cv-11438-PBS |

# NUANCE COMMUNICATIONS, INC.'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. RELEVANT FACTS ..............................................................................................................3

    A. After Withholding Discovery of Its Source Code Repository for Nearly a Year, Omilia Completed Substantial Production of Its Source Code on October 7, 2020............................................................................................................................3

    B. Nuance Served Responsive Contentions to Omilia's Supplemental Non-Infringement Contentions. .................................................................................................6

    C. Despite Omilia's Failure to Produce Its Source Code, Nuance Disclosed Its Updated Infringement Theories on August 24, 2020 Citing Source Code Currently Available. .................................................................................................................7

III. LEGAL STANDARD.............................................................................................................8

IV. GOOD CAUSE EXISTS TO AMEND NUANCE'S PRELIMINARY INFRINGEMENT CONTENTIONS.....................................................................................................................8

    A. Nuance Has Diligently Moved to Amend Contentions Following Omilia's Production of Previously Unavailable Source Code................................................9

    B. Omilia Cannot Demonstrate Undue Prejudice Arising from the Amendments.....11

V. CONCLUSION.....................................................................................................................14

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Abiomed, Inc. v. Maquet Cardiovascular LLC*,
   No. CV 16-10914-FDS, 2020 WL 3868803 (D. Mass. July 9, 2020) ............................ 8, 10, 12

*Facebook, Inc. v. BlackBerry Ltd.*,
   No. 18-CV0-5434-JSW (JSC), 2019 WL 8013872 (N.D. Cal. Sept. 17, 2019) ................... 9, 10

*Kajeet, Inc. v. Qustodio*, LLC,
   No. SACV1801519JAKPLAX, 2019 WL 8060822 (C.D. Cal. Nov. 1, 2019) ..................... 8, 13

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
   No. C 13-159 CW, 2013 WL 5955548 (N.D. Cal. Nov. 6, 2013) ......................................... 9, 13

*Momenta Pharm., Inc. v. Amphastar Pharm., Inc.*,
   No. CV 11-11681-NMG, 2016 WL 3460309 (D. Mass. June 21, 2016) .................................. 13

*Realtime Data, LLC v. Actian Corp.*,
   No. 6:15-CV-463 RWS-JDL, 2016 WL 9340797 (E.D. Tex. Aug. 11, 2016) ......................... 14

**Statutes**

35 U.S.C. §271(g) ........................................................................................................................ 6, 7

35 U.S.C. §§ 271(a) and (g) ............................................................................................................ 6

**Other Authorities**

D. Mass. L.R. 16 ......................................................................................................................... 6, 8

Pursuant to Local Rule 16.6(d)(5), Plaintiff and Counterclaim Defendant Nuance Communications, Inc. ("Nuance") respectfully moves this Court for leave to amend its December 6, 2019 Preliminary Infringement Contentions consistent with Exhibit 1 attached to the Declaration of Carrie Richey, filed concurrently herewith (referred to herein as "Nuance's Supplemental Infringement Contentions"). Exhibit 1 incorporates three groups of changes to the December 6, 2019 Preliminary Infringement Contentions:

(1) Nuance's Response to Omilia's Supplemental Non-Infringement and Invalidity Contentions Pursuant to Local Rule 16.6(d)(5) (herein referred to as "Responsive Contentions"), served on Omilia pursuant to the last sentence of Local Rule 16.6(d)(5) on July 7, 2020 (*See* Exh. 1 at Exh. C);

(2) Nuance's Response to Interrogatory No. 9, served on August 24, 2020 following a partial review of Omilia's source code and related technical documents, and

(3) a limited number of further amendments, reflecting Nuance's review of source code and related technical documents after the service of Nuance's Response to Interrogatory No. 9.

To the extent leave of court is required for these changes, good cause exists.

**I.     INTRODUCTION**

By this motion, Nuance seeks leave to provide a comprehensive supplementation of its Local Rule 16.6 Contentions. Nuance has worked diligently to obtain the necessary information to supplement its Local Rule 16.6 Contentions since discovery opened in this matter in October 2019, and has taken multiple opportunities to keep Omilia apprised with updated details of Nuance's contentions. Omilia, on the other hand, has simultaneously withheld discoverable information needed to supplement Nuance's contentions and complained repeatedly that Nuance had not yet made a formal supplementation to its Local Rule 16.6 Contentions. In response to each such complaint, Nuance informed Omilia that it intends to supplement its Local Rule 16.6

Contentions once it has completed the necessary source code review.  *See* Local Rule 16.6(d)(5) (including as an example of circumstances that support a finding of good cause: "discovery of nonpublic information about the asserted infringement that was not discovered or located, despite diligent efforts, before the service of the infringement claim charts").

There would have been no practical benefit to either party by burdening the Court with a piecemeal approach to this supplementation, with multiple interim motions for leave to amend.  Despite Omilia's obstruction and delays, Nuance has endeavored to keep Omilia on notice of its infringement positions via a timely supplement to its Local Rule 16.6 Contentions served as a matter of right on July 7, 2020 under the last sentence of Local Rule 16.6(d)(5), in response to Omilia's June 9, 2020 supplemental non-infringement and invalidity contentions, as well as Nuance's August 24, 2020 response to Interrogatory No. 9.  Nuance's Supplemental Infringement Contentions are substantially similar to the infringement claim charts included in Nuance's response to Interrogatory No. 9, based on Omilia's then-available source code, and also incorporate Nuance's Responsive Contentions dated July 7, 2020.

Despite Nuance's efforts to be transparent and keep Omilia on notice of the current status of its contentions, Omilia has attempted to falsely manufacture a record suggesting Nuance has unnecessarily delayed in formally amending its contentions to reflect the information taken from Omilia's source code.  However, Omilia has no one but itself to blame for any delay.  Nuance's source code review been repeatedly impeded and slowed by Omilia's failure to make the source code available during the early stages of the COVID-19 pandemic and then later by Omilia's failure to make a fulsome source code production, thereby forcing Nuance to seek judicial intervention *via* a motion to compel.  *See* Dkt. 103.  Even after the hearing on the motion to compel, at which Omilia made a number of representations on the record committing to supplement its source code production, Omilia still delayed and failed to provide the full scope of information it had promised.  *See* Dkt. 204-2 at 3-4; Dkt. 204-3.  Omilia's most recent source code production, which appears to finally substantially resolve these issues, was made on October 7, 2020. See Dkt. 204-1 at 1.

Now that Nuance has finally been permitted to substantially complete its inspection of Omilia's source code production, Nuance seeks the Court's permission to amend its Preliminary Infringement Contentions. Nuance's Supplemental Contentions seek to provide source code support for its initial infringement theories, and provide further annotation for those theories based on the source code review. Good cause, therefore, exists for such amendment and Omilia cannot not show undue prejudice particularly given its prior and regularly-updated notice of Nuance's infringement positions and its own obstructionist tactics. Moreover, fact and expert discovery is ongoing through 2021, and trial is set for April 2022.

## II. RELEVANT FACTS

### A. After Withholding Discovery of Its Source Code Repository for Nearly a Year, Omilia Completed Substantial Production of Its Source Code on October 7, 2020.

In an effort to streamline discovery, and as permitted under the Rules of Federal Procedure, on October 9, 2019, Nuance served document requests on Omilia, requesting source code and other technical documents, but Omilia refused and objected until such time as required under the Local Rule 16.6 or other Court Order. Dkt. 107-1 (Omilia's Responses to Nuances First Set of RFPs dated Dec. 2, 2019). On December 6, 2019, Nuance timely served its Preliminary Infringement Contentions on the Phase 1 patents asserted in this litigation. Dkt. 204-4. On January 17, 2020, Omilia made some of its source code available for inspection. In January and February, Nuance reviewed the source code Omilia had made available. Dkt. 103 at 3.

After an initial review, it became apparent that Omilia was withholding relevant source code. Moreover, rather than producing the source code in the way Omilia maintains it in the normal course of business, Omilia selectively created folders and dropped source code into those folders, obscuring and frustrating Nuance's source code review. *See* Dkt. 103 (redacted version).

Nuance promptly began working to obtain the missing source code and to secure production in a format permitted by the Federal Rules. On March 11, 2020, Nuance provided Omilia with a specific list of source code Nuance believed Omilia had not made available. Dkt.

103 at 4-5.  The parties met and conferred several times and Omilia agreed to make the requested source code available, but never did.

Due to the emergence of the COVID-19 pandemic in March 2020, locations around the country, including the New York location of Omilia's source code inspection, were subjected to varying degrees of lockdown.  In view of this COVID-19 related lockdown, on March 25, 2020, Nuance wrote Omilia and outlined two proposed source code review procedures that would allow source code review to continue despite the pandemic.  Dkt. 103 at 5.  For the next several months, the parties continued to discuss the collection of additional source code and several ways to safely conduct the source code review.  Dkt. 103 at 5-6.  However, in May 2020, Omilia unexpectedly wrote Nuance, rejecting any attempt to conduct source code review during COVID-19 until the review procedures of the Protective Order could be strictly adhered to, thereby indefinitely blocking all access to Omilia's previously produced source code and any additional source code not yet produced.  *Id.*

On June 10, 2020, Nuance moved to compel production of source code.  *See* Dkt. 103.  On June 29, 2020, two days before the hearing on Nuance's Motion to Compel, Omilia made its source code available again in Boston, including a piecemeal production of certain requested items.  *See* Jun. 23, 2020 Email from R. Gandesha to Nuance Counsel (Exh. 2).  At the July 1, 2020 Motion to Compel hearing before Judge Bowler, the Court ordered the parties to meet and confer on the outstanding issues raised in Nuance's motion given Omilia's last-minute concessions at the hearing.  The Court set a follow-up hearing for July 16, 2020.

In complying with the parties' representations to the Court to continue to meet and confer, on July 2, 2020, Nuance summarized the categories of source code and technical documents covered by Nuance's motion that remained outstanding.  *See* Jul. 2, 2020 Letter from C. Mammen to R. Gandesha (Exh. 3).  Omilia failed to respond for a week.  *See* Jul. 9, 2020 Letter from C. Mammen to R. Gandesha (Exh. 4).  When Omilia did respond, Omilia made clear the parties had not reached agreement over a number of topics.  *See* Jul. 15, 2020 Letter from C. Mammen to R. Gandesha (Exh. 5).  Specifically, Nuance continued to request that Omilia make its source code

4

available for inspection the way it is maintained in the normal course of business, and make its other technical repositories available for inspection, such as ▇.[1]  *Id.*

At the follow-on July 16, 2020 Motion to Compel hearing before Judge Bowler, Omilia made a number of representations on the record committing to supplement its source code production, but Omilia still delayed and failed to provide the full scope of information it had promised.  *See* Jul. 24, 2020 Letter from C. Mammen to R. Gandesha (Exh. 6); *see also* Jul. 29, 2020 Letter from C. Mammen to R. Gandesha (Exh. 7).  Also at the July 16, 2020 hearing, Omilia represented to the Court that within 30 days, or by August 15, 2020, it would produce additional source code and technical documents.  *See* Jul. 24, 2020 Letter from C. Mammen to R. Gandesha (Exh. 6).  Again, Omilia made a piecemeal production, falling short of complying with its own representations. *See* Sept. 2, 2020 Letter from C. Mammen to R. Gandesha (Exh. 8).  Among other things, Omilia did not produce its ▇ repository and continued to use self-serving folder names for its source code without making its repository available.  *Id.*  Omilia did not respond to the issues Nuance raised for two weeks.  *See* Sept. 16, 2020 Letter from R. Gandesha to C. Mammen (Exh. 9).  Without any progress, the parties continued to exchange letters regarding Omilia's deficient source code production.  *See* Sept. 23, 2020 Letter from C. Mammen to R. Gandesha (Exh. 10); Sept. 25, 2020 Letter from R. Gandesha to C. Mammen (Exh. 11).

Finally, on October 1, 2020, for the first time, Omilia confirmed that it would make its source code repository available for inspection, and agreed to make ▇ available for inspection during limited hours each day, from 2:00-5:30 p.m., under certain guidelines.  *See* Oct. 1, 2020 Email from H. Kiernan to Nuance Counsel (Exh. 12). Omilia made the repositories available on October 7, 2020.  *See* Dkt. 204-1 at 1. In October and November, Nuance reviewed the source code Omilia had made available.

---

[1] ▇ is a web-based user interface for viewing Omilia's source code and is also used for organizing and developing Omilia's source code. Through this interface, developers can view successive builds of Omilia's source code and commit messages (*i.e.*, notes from the developer summarizing changes to the source code).

### B. Nuance Served Responsive Contentions to Omilia's Supplemental Non-Infringement Contentions.

On January 17, 2020, Omilia served its Preliminary Non-Infringement and Invalidity Contentions. In May 2020, Omilia moved under Local Rule 16.6(d)(5) to supplement its contentions and Nuance did not oppose. Dkt. 95. The Court granted Omilia's motion (Dkt. 99), and Omilia served its updated contentions on June 9, 2020. Dkt. 204-6. Therein for the first time, Omilia claimed, among other things, that conduct Nuance accuses of infringing occurred outside of the United States. *Id*. Omilia argued that because such conduct is accused of performing the claimed steps of the asserted method claims of the '925 patent and the '993 patent, Omilia does not infringe the asserted method claims under § 271(a) because steps of the claimed methods occur outside of the United States.

Pursuant to Local Rule 16.6(d)(5), on July 7, 2020, Nuance served responsive amended disclosures, responding to Omilia's amended contentions. *See* Local Rule 16.6(d)(5) ("If one party is allowed to amend its disclosures, the opposing party may, within 28 days after serve of the amended disclosure, serve responsive amended disclosures."). Importantly, in those responsive contentions, Nuance explained that

> under 35 U.S.C. §271(g), a party that imports, offers to sell, sells, or uses a product into the U.S. that is made abroad by a process patented in the U.S. is still liable for infringement. Omilia's contentions that various steps in its process are performed outside the U.S. does not absolve it from liability for selling a product in the U.S. that was made by a patented U.S. process, as explained below in more detail. **Pursuant to L.R. 16.6(d)(1)(A)(vi), Nuance asserts that 35 U.S.C. §§ 271(a) and (g) apply**.

Exh. 1 (Attached to Nuance's Supplemental Contentions as Ex. C); *see also id*. at 12-14; 19-20; *see also* 35 U.S.C. §271(g) ("[w]hoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer.").

Despite Local Rule 16.6 allowing for service of responsive contentions, Omilia responded by letter alleging that Nuance's Responsive Contentions are improper, and denying that § 271(g)

is part of this case. *See* Jul. 15, 2020 Letter from R. Gandesha to C. Dupriest (Exh. 13). Nuance responded to Omilia's attempt to manufacture a false record, reiterating that the Responsive Contentions are in full compliance with the Local Rules, and that Nuance will seek leave of Court to supplement its infringement contentions after Omilia has provided a complete and proper production of its technical documents. *See* Jul. 21, 2020 Letter from C. Mammen to R. Gandesha (Exh. 14); *see also* Sept. 3, 2020 Letter from C. Mammen to R. Gandesha (Exh. 16).

    **C.**    **Despite Omilia's Failure to Produce Its Source Code, Nuance Disclosed Its Updated Infringement Theories on August 24, 2020 Citing Source Code Currently Available.**

Seeking to force Nuance to supplement its contentions despite the ongoing and incomplete source code review, on July 15, 2020, Omilia served Interrogatory No. 9, requesting claim charts setting forth Nuance's infringement contentions. On August 24, 2020, Nuance responded to Interrogatory No. 9 by the deadline for it to do so. Dkt. 204-2.[2] Because Omilia had only recently made additional source code available in August 2020, Nuance served detailed claim charts spanning 59 total pages based on the source code it had reviewed at that time. In its response, Nuance reserved the right to supplement its response because "Omilia's source code and technical document production remain outstanding, such as production of Omilia's ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ related interrogatory responses, and other requests for production regarding Omilia's use of ASR technology post-termination of the parties' 2011 Partnership Agreement." Dkt. 204-2 at 3-4 (Nuance's Response to Interrogatory No. 9). Nuance's Response to Interrogatory No. 9 also included the assertions regarding Section 271(g) that were previously disclosed in its Responsive Contentions. *Id.* Omilia has never corresponded with Nuance to suggest it believes there are any deficiencies in Nuance's response to Interrogatory No. 9. Moreover, Nuance specifically informed Omilia that it would be seeking to amend its infringement contentions once

---

[2] With a one-week extension agreed by the parties.

Omilia's source code production was complete, and in the interim, directed its Response to Interrogatory No. 9. *See* Sept. 3, 2020 from C. Mammen to R. Gandesha (Exh. 16).

### III. LEGAL STANDARD

Local Rule 16.6 allows a party to amend and supplement its preliminary infringement contentions "only by leave of court upon a timely showing of good cause." L.R. 16.6(d)(5). Local Rule 16.6 enumerates specific circumstances that support a finding of good cause absent undue prejudice to the nonmoving party. *Id*. at 16.6(d)(5)(C). One such circumstance is the "discovery of nonpublic information about the asserted infringement," such as source code "that was not discovered or located, despite diligent efforts, before the service of the infringement claim charts." *Id*. Neither Local Rule 16.6 nor the Scheduling Order in this matter provide a deadline for amending contentions. When moving to amend without violating a scheduling order deadline, Courts in this district consider (1) the moving party's diligence and (2) any potential prejudice to the non-moving party and to the efficient resolution of the litigation. *See, e.g., Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914-FDS, 2020 WL 3868803, at *3 (D. Mass. July 9, 2020) (in reliance on Northern District of California's good cause standard, applying two-factored good cause standard where party sought to amend without violating scheduling order). Moreover, "even if the movant was arguably not diligent, the court retains discretion to grant leave to amend." *Kajeet, Inc. v. Qustodio*, LLC, No. SACV1801519JAKPLAX, 2019 WL 8060822, at *3 (C.D. Cal. Nov. 1, 2019) (citing cases) (*e.g*., lack of prejudice is sufficient to grant leave to amend).

### IV. GOOD CAUSE EXISTS TO AMEND NUANCE'S PRELIMINARY INFRINGEMENT CONTENTIONS

Nuance's motion to amend is predicated on Omilia's production of publicly unavailable source code—a circumstance under Rule 16.6 that supports a finding of good cause absent undue prejudice. Good cause to amend clearly exists.

### A. Nuance Has Diligently Moved to Amend Contentions Following Omilia's Production of Previously Unavailable Source Code.

As discussed in detail above, Nuance has been diligently working to complete its review of Omilia's source code since January 2020 so it could amend its Preliminary Infringement Contentions pursuant to Local Rule 16.6(d)(5)(C). Ever since Nuance reviewed the first installment of source code Omilia initially produced in January 2020 under Local Rule 16.6(d)(1)(A), Nuance has been embroiled in discovery disputes with Omilia over the availability and sufficiency of its source code production. *See* Section II.A, *supra*. *See Facebook, Inc. v. BlackBerry Ltd.*, No. 18-CV0-5434-JSW (JSC), 2019 WL 8013872, at *3-8 (N.D. Cal. Sept. 17, 2019) (finding diligence, where plaintiff moved to supplement contentions after numerous productions of source code).[3] Appendix I attached to this Motion identifies key dates concerning Omilia's source code production.[4]

When Nuance first raised issues with Omilia's source code production at the beginning of March 2020, the COVID pandemic had begun to take hold, preventing Nuance from further reviewing the source code in New York under the strict requirements of the Protective Order. Despite Nuance's several attempts to propose alternative review procedures, Omilia refused to make *any* source code available for months, until the end of June 2020, on the eve of Nuance's Motion to Compel hearing. Exh. 2. Even after the hearing on the Motion to Compel, Omilia still delayed and made numerous piecemeal productions over several months—*e.g.*, June 29, 2020; August 17, 2020; and October 7, 2020. *See* Exs. 2, 8, 12. Each time Nuance reviewed the source code, it identified the remaining deficiencies in Omilia's production. *See* Dkt. 103; *see also* Exhs. 3-8, 10-11. Moreover, Nuance informed Omilia that it would supplement its Preliminary

---

[3] As envisioned by this District's Local Rule, courts typically grant leave to amend infringement contentions after a patentee has been given the opportunity to inspect relevant source code. *See Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2013 WL 5955548, at *2 (N.D. Cal. Nov. 6, 2013) (moving to amend contentions after reviewing two sets of source code and serving contentions on defendant).

[4] The rows of the table in the Appendix that are shaded correspond to Omilia's source code production dates.

Infringement Contentions upon Omilia's completion of its source code production. *See Facebook*, 2019 WL 8013872, at *3 (allowing amendments where plaintiff informed defendant that it would "supplement its contentions within a reasonable time period after [defendant] completes its supplementation of technical document production and source code.") s*ee also* June 18, 2020 Letter from C. Mammen to R. Gandesha, at 2 (Exh. 15); Jul. 21, 2020 Letter from C. Mammen to R. Gandesha (Exh. 14); Sept. 3, 2020 Letter from C. Mammen to R. Gandesha (Dkt. Exh. 16); Nov. 13, 2020 Email from Nuance's Counsel (Dkt. 204-1). Despite this ongoing dispute, on August 24, 2020, Nuance answered Omilia's contention interrogatory with 59 pages of claim charts that provided citations to Omilia's source code. Dkt. 204-2. Not until October 7, 2020 did Omilia substantially fulfill its obligation in making its source code repository and ▓▓▓ available for inspection. Exh. 12. Because it is clearly nonpublic, Nuance could not have obtained Omilia's source code repository and ▓▓▓ any sooner than it did. Nuance has diligently sought to update its August 24, 2020 claim charts based on its review of Omilia's October 7, 2020 source code production, and promptly filed this Motion.

Omilia apparently believes Nuance should have repeatedly sought leave of court to amend its contentions as a result of Omilia's piecemeal production of its source code. Nuance does not see the utility in burdening the Court with serial motions for leave to amend and claim charts, resulting in co-pending motions to amend, while the parties are in an ongoing discovery motion practice over the very source code that is to be cited in the infringement contentions.

This is particularly true here as Omilia is fully on notice of Nuance's supplemental infringement contentions in response to Interrogatory No. 9 served on August 24, 2020. *See, e.g.*, *Abiomed*, 2020 WL 3868803, at *4 (finding reasonable diligence where defendant on notice of infringement theory and plaintiff did not formally move to amend its contentions until after three months of learning of new product, and less than one month after Court's ruling on prior pending motion).

Following Nuance's review of Omilia's October source code production, on December 3, 2020, Nuance informed Omilia of its intention to move for leave supplement, and asked whether

Omilia intended to oppose the motion. Omilia requested additional time to consider the request. Over the following week and up to the filing of this Motion, Nuance and Omilia discussed a number of issues concerning the proposed amendments, but were unable to reach agreement. Richey Decl., ¶ 1.

Accordingly, Nuance's actions show appropriate diligence and this factor weighs in favor of granting leave.

### B. Omilia Cannot Demonstrate Undue Prejudice Arising from the Amendments.

Omilia cannot show it will be unduly prejudiced by Nuance's proposed supplement. Nuance's amendments provide source code support and further annotations for its infringement theories for the five asserted claims. When the additions are read in conjunction with the Preliminary Infringement Contentions, it is clear that Nuance is providing infringement evidence consistent with its infringement theories that were based on publicly available information and have long been disclosed in Nuance's Complaint, its December 2019 Preliminary Infringement Contentions, and its July 2020 Responsive Contentions. Moreover, Omilia was on notice of Nuance's more specific infringement allegations incorporating Omilia's piecemeal source code production at least since Nuance served its response to Interrogatory No. 9 on August 24, 2020. Nuance's Supplemental Contentions are a reproduction of the August 24, 2020 charts with limited additions based on information reviewed in October and November 2020, after Omilia produced its source code repository and ▮.

By way of example, Nuance's Preliminary Infringement Contentions cite Omilia's public website that it has "adapted" its acoustic and language models to recognize accent and dialect variations within a country and it trains its models on real-live call data to optimize its models. *See, e.g.,* Ex. 1 at A-1. Omilia advertises that its acoustic models can be trained in a matter of months, indicating that it fine-tunes its models from already-existing models. *See, e.g.,* Ex. 1 at A-1–A-2. Omilia markets its acoustic models under "deepASR" which is cited in Nuance's Preliminary Infringement Contentions. Ex. 1 at A-1, 18. The '925 patent claims a method of

adapting a second acoustic model from a first acoustic model. Claim 1 of the '925 patent provides the limitation of "based on said first acoustic model, generating a second acoustic model with a second decision network and corresponding second phonetic contexts …" Nuance's Supplemental Contentions provide further, consistent, evidence of its infringement theories, citing to Omilia's ▮▮▮▮▮▮▮▮ that trains Omilia's acoustic models. *Id*. at A-18. Additionally, upon review of Omilia's initially produced source code, and Omilia's source code repository ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮, Nuance has identified several infringing ways in which Omilia generates a second acoustic model from the first acoustic model, consistent with the claims. This information could not have been known by Nuance at the time of its Preliminary Infringement Contentions because these particular configurations can be seen only in Omilia's source code. Further, claim 17 of the '993 patent claims a computer-readable storage device for improving speech recognition capable of creating a language model using a phonemic transcription dataset, and incorporating pronunciation probabilities into the language model, among other limitations. Nuance's Supplemental Contentions cite to source code of Omilia that is capable of creating such language models based on different datasets and incorporating pronunciation probabilities as claimed. Ex. 1 at B-3–B-11.

Moreover, it is clear from Omilia's filing of a motion for summary judgement on each of the asserted patents, its numerous non-infringement contentions, its discovery letters, other motion practice, and its claim construction presentation on the '925 patent, that Omilia understands and is fully on notice of what Nuance has identified as infringing.

Further, Omilia cannot legitimately claim any prejudice because it has been aware of Nuance's specific infringement contentions based on source code since at least as early as August 24, 2020, shortly after the Court's claim construction order issued on August 6, 2020. As noted, Omilia has raised no issues with the detail, disclosure, and completeness set forth in Nuance's Response to Interrogatory No. 9. Moreover, Nuance specifically informed Omilia that it would be seeking to amend its infringement contentions once Omilia's source code production was

complete, and in the interim, referenced its Response to Interrogatory No. 9.  Exh. 16 (Sept. 3, 2020 from C. Mammen to R. Gandesha).

Additionally, Nuance's Supplemental Infringement Contentions will be made available well before the close of fact and expert discovery (March 30, 2021 and June 29, 2021, respectfully); deadlines for dispositive motions (September 2021); and trial (April 2022).  Dkt. 101.  *See Momenta Pharm., Inc. v. Amphastar Pharm., Inc.*, No. CV 11-11681-NMG, 2016 WL 3460309, at *2 (D. Mass. June 21, 2016) (amendment will not unduly prejudice defendant because "1) it does not affect the fact discovery …, 2) no expert discovery has yet occurred and 3) [defendant] will have the opportunity to address the amended infringement contentions at the summary judgment stage."); *see also Linex Techs.*, 2013 WL 5955548, at *2 (no prejudice where trial is set seven months out and no new products were added).

The only information Nuance seeks to add via its Supplemental Contentions that is not directly attributable to Omilia's delayed production of source code is the incorporation of Nuance's Responsive Contentions served on July 7, 2020.  These Responsive Contentions were served as a matter of right under Local Rule 16.6 and Omilia has never sought to strike any of their contents. This is not surprising, despite Omilia's innuendo, as each of the points raised in Nuance's Responsive Contentions properly and directly address Omilia's non-infringement and invalidity arguments raised in Omilia's Supplemental Contentions.  Omilia had never argued in its initial non-infringement contentions that it practiced certain claimed steps outside of the U.S.  Nuance's Responsive Contentions explain why this is not a defense to infringement under § 271(g), and incorporates this code section into its Responsive Contentions.  Nuance's Responsive Contentions have been and are part of this case, were served as a matter of right under the Local Rules, and Omilia has never moved to strike them. Thus, Nuance's request to amend the cover pleading of its Preliminary Infringement Contentions to incorporate its Responsive Pleadings adds nothing new to the case and certainly do not prejudice Omilia in any way.

Simply put, Nuance's proposed amendments are not prejudicial to Omilia.  *Kajeet*, 2019 WL 8060822, at *3.  Nuance's Supplemental Infringement Contentions "do[] not substantially

13

change Plaintiff's contentions, as Plaintiff has not requested a large addition of accused products, a dramatically different or new infringement theory, or additional patents or claims." *See Realtime Data, LLC v. Actian Corp.,* No. 6:15-CV-463 RWS-JDL, 2016 WL 9340797, at *3 (E.D. Tex. Aug. 11, 2016) (granting leave to amend contentions where fact and expert discovery is ongoing). Accordingly, this factor weighs in favor of amendment.

## V.     CONCLUSION

Nuance's Supplemental Contentions incorporate by reference Nuance's Responsive Contentions and reproduce the August 24, 2020 claim charts served on Omilia, with additions based on Nuance's review of Omilia's source code repository and ▮▮▮▮ that was only made available on October 7, 2020. There is no unreasonable delay or gamesmanship on Nuance's part. It is Omilia that has delayed in its source code production, and has dragged its feet on other discovery.[5] Moreover, the amendments will not cause undue prejudice to Omilia as discovery is ongoing. Based on the foregoing, the facts and circumstances of this case support a finding of good cause for leave to amend.

Date:  December 11, 2020            Respectfully submitted,

*/s/ Christian E. Mammen*
**WOMBLE BOND DICKINSON (US) LLP**

David Greenbaum (*admitted pro hac vice*)
**Nuance Communications, Inc.**
1111 Macarthur Boulevard
Mahwah, NJ 07430
(857) 214-5524
david.greenbaum@nuance.com

---

[5] Omilia still has not completed production of its technical documentation.  For example, Omilia refuses to supplement interrogatory responses, and identify its acoustic models by version (which is important in understanding which acoustic models were generated from previous acoustic models).  Additionally, Omilia only recently served over 300,000 documents on Nuance on Friday November 27, 2020, which Nuance has not yet completely reviewed.

Deborah M. Vernon (MA BBO No. 663937)
**WOMBLE BOND DICKINSON (US) LLP**
Independence Wharf
470 Atlantic Avenue, Suite 600
Boston, MA 02110
Telephone: (857) 287-3130
Deborah.Vernon@wbd-us.com

Christian E. Mammen (*admitted pro hac vice*)
Carrie Richey (*admitted pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (408) 341-3067
Chris.Mammen@wbd-us.com
Telephone: (408) 341-3060
Carrie.Richey@wbd-us.com

Christine H. Dupriest (*admitted pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
271 17th Street, Suite 2400
Atlanta, Georgia 30363
Telephone: (404) 962-7538
Christine.Dupriest@wbd-us.com

*Attorneys for Plaintiff Nuance Communications, Inc.*

## LOCAL RULE 7.1 CERTIFICATION

Plaintiff's counsel hereby certifies under local rule 7.1 that Plaintiff's counsel conferred with counsel for Defendant regarding this motion, and following meet and confer, Omilia stated its position as follows:

Omilia opposes Nuance's motion to supplement its infringement contentions to the extent Nuance seeks to include 35 U.S.C. § 271(g), which was not pleaded in Nuance's June 28, 2019 Complaint or June 8, 2020 First Amended Complaint and has not been diligently pursued, and is, therefore, not appropriately in the case. Omilia is unable to take a position on the remainder of the substantial new arguments raised in Nuance's proposed supplemental contentions and their departure from Nuance's prior December 6, 2019 infringement contentions. As a result, Omilia reserved the right to oppose Nuance's motion following the Court's ruling on Omilia's Motion for Reconsideration (Dkt. No. 202)

/s/ *Christian E. Mammen*
Christian E. Mammen

## CERTIFICATE OF SERVICE

I hereby certify that this document and its exhibits and attachments thereto will be filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 11, 2020.

/s/ *Christian E. Mammen*
Christian E. Mammen