IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC.,<br><br>　　　　Plaintiff and Counterclaim Defendant,<br><br>　v.<br><br>OMILIA NATURAL LANGUAGE SOLUTIONS, LTD.,<br><br>　　　　Defendant and Counterclaim Plaintiff | Case No.  1:19-CV-11438-PBS |

### OMILIA NATURAL LANGUAGE SOLUTIONS, LTD.'S
### UNOPPOSED MOTION TO IMPOUND

Defendant and Counterclaim Plaintiff Omilia Natural Language Solutions, Ltd. ("Omilia") hereby moves pursuant to Local Rule 7.2 for entry of an order authorizing Omilia to file under seal its Hearing Slides for Omilia's Motion to Dismiss Counts IX-XIII of the First Amended Complaint (unredacted).

As the grounds for this motion, Omilia states the following:

1.　On February 7, 2020 this Court entered the Stipulated Protective Order for Litigation Involving Highly Sensitive Confidential Information and/or Trade Secrets ("Protective Order").  Dkt. No. 59.

2.　Section 15.4 of the Protective Order provides that any party seeking to file "Protected Material" under seal "must comply with the Court's Standing Order." "Protected Material" is defined in the Protective Order as any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."  Moreover, "Protected Material

1

may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue."

3. The Hearing Slides for Omilia's Motion to Dismiss Counts IX-XIII of the Amended Complaint (unredacted) includes copies of documents or excerpts of documents Nuance designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in discovery. By designating information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Nuance has indicated that the information is "extremely sensitive 'CONFIDENTIAL' information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." Protective Order § 2.9.

4. Omilia seeks to redact from the Hearing Slides used at the Hearing for Omilia's Motion to Dismiss Counts IX-XIII of the Amended Complaint copies of certain documents because Nuance has designated them as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in discovery. "A party seeking to file a document under seal must demonstrate that 'good cause' exists to do so." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, No. CIV.A. 07-11444-RWZ, 2008 U.S. Dist. LEXIS 10542, at *1 (D. Mass. Feb. 13, 2008). There is a long standing presumption in the public's right to access court documents. *See, e.g.*, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). What is good cause depends on the circumstances of the filing, for instance there is no public right of access to unfiled discovery documents. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-36 (1984). The existence of trade secret or sensitive competitive business information can overcome a presumption of public access. *See Nixon*, 435 U.S. at 598; *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002) (listing trade secrets, privilege, and information required by statute to be kept secret as permissible bases to seal documents).

5.  Omilia requests that an impounding Order be issued and that it remain in effect until such time that it be lifted by further order of the Court, and that following the post-impoundment period, the document be returned to Omilia's custody.

6.  Omilia's counsel conferred with counsel for Nuance regarding this motion, and Nuance's counsel stated that it does not oppose Omilia's Motion to Impound.

WHEREFORE, pursuant to Local Rule 7.2 and the Stipulated Protective Order, Omilia respectfully requests that this Court enter an order granting leave to file under seal and impounding The Hearing Slides for Omilia's Motion to Dismiss Counts IX-XIII of the Amended Complaint (unredacted) until further order of the Court. In the event this Court has not previously ordered otherwise, Omilia's submission should be returned to its undersigned counsel upon resolution of this matter.

Dated: December 15, 2020

Respectfully Submitted,

By */s/ Daniel S. Sternberg*

Kevin C. Adam (SBN 684955)
Daniel S. Sternberg (SBN 688842)
WHITE & CASE LLP
75 State Street, 24th Floor
Boston, MA 02109
(617) 979-9300
Kevin.adam@whitecase.com
Daniel.sternberg@whitecase.com

Of Counsel:
Dimitrios Drivas (*admitted pro hac vice*)
Raj Gandesha (*admitted pro hac vice*)
Stefan Mentzer (*admitted pro hac vice*)
John Padro (*admitted pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020-1095
(212) 819-8286
ddrivas@whitecase.com
rgandesha@whitecase.com

> smentzer@whitecase.com
> john.padro@whitecase.com
>
> Hallie Kiernan (*admitted pro hac vice*)
> WHITE & CASE LLP
> 3000 El Camino Real
> Two Palo Alto Square, Suite 900
> Palo Alto, CA  94306
> (650) 213-0300
> hallie.kiernan@whitecase.com
>
> *Counsel for Omilia Natural Language Solutions, Ltd.*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that the parties conferred on December 14, 2020 on this motion via email and Nuance Communications Inc. did not oppose this motion.

> /s/ *Daniel S. Sternberg*
> Daniel S. Sternberg

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on December 15, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.4 (c).

> /s/ *Daniel S. Sternberg*
> Daniel S. Sternberg