IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NUANCE COMMUNICATIONS, INC.,<br><br>　　　　Plaintiff and Counterclaim<br>　　　　Defendant,<br><br>　　v.<br><br>OMILIA NATURAL LANGUAGE<br>SOLUTIONS, LTD.,<br><br>　　　　Defendant and Counterclaim<br>　　　　Plaintiff. | Case No.  1:19-CV-11438-PBS |

**OMILIA NATURAL LANGUAGE SOLUTIONS, LTD.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SUPPLEMENT ITS PRELIMINARY NON-INFRINGEMENT AND INVALIDITY CONTENTIONS**

Pursuant to L.R., D. Mass 16.6(d)(5) and the Court's December 14, 2020 Order (ECF No. 219), Defendant and Counterclaim Plaintiff Omilia Natural Language Solutions, Ltd. ("Omilia") moves for leave to supplement its Preliminary Non-Infringement and Invalidity Contentions ("Preliminary Contentions").  On December 14, 2020, the Court allowed Nuance's motion for leave to amend its infringement contentions and granted Omilia 45 days to move to supplement its preliminary non-infringement and invalidity contentions.  *See* ECF No. 219.  Omilia now seeks leave to supplement both its non-infringement and invalidity contentions to respond in full.  A copy of Omilia's proposed Third Supplemental Non-Infringement and Invalidity Contentions ("Third Supplemental Contentions") are attached to this motion.  Declaration of Daniel S. Sternberg ("Sternberg Decl."), Exhibit A.[1]  Good cause exists for this supplementation.

---

[1] Omilia's existing operative contentions, Omilia's "Second Supplemental Contentions," were supplemented on December 14, 2020.  ECF No. 219.  The new proposed additions Omilia now proposes can be found starting on page 33, under the heading "third supplemental contentions," and within the supplemental claim charts at Supplemental Appendices 1 and 2.  Ex. A.

1

Local Rule 16.6(d)(5) permits a party to supplement preliminary non-infringement and invalidity contentions with leave of the court upon a showing of good cause. L.R., D. Mass 16.6(d)(5). Omilia has good cause to supplement its contentions. Under Local Rule 16.6(d)(5), good cause exists where, as here an opposing party has been permitted to amend its disclosures. *See id.* The Court further ruled that it was "allowing [Omilia] to supplement in response" and ordered that Omilia "shall file a motion to supplement its preliminary non-infringement and invalidity contentions." December 14, 2020, Tr. at 82:3-7; ECF No. 219.

Omilia's proposed Third Supplemental Contentions are necessary to account for and respond to Nuance's December 14, 2020, amended infringement contentions, which further describe its interpretations of the asserted claims as well as provide new details on its infringement allegations. Nuance's December 14, 2020 amended infringement contentions substantially revise the infringement theories Nuance disclosed in its prior infringement contentions, which were submitted over a year prior. *Compare, e.g.* ECF No. 204, Ex. D at A-10-A15 *with* ECF No. 216, Ex. 1 at A-20 (discussing a "split-and-merge" procedure). Nuance's amended infringement contentions not only identify a number of additional Omilia ASR features but also assert new claim construction interpretations after this case's *Markman* process. *Compare, e.g.*, ECF No. 204, Ex. D at A-10-A-15 *with* ECF No. 216, Ex. 1 at A-20-A-21.

Omilia's Third Supplemental Contentions focus the patent infringement and invalidity issues on the five remaining asserted claims from the Phase 1 patents and directly respond to Nuance's new claim interpretations and infringement theories. These supplemental contentions provide detail on Omilia's non-infringement and invalidity positions, including in charts by reference and patent format. Omilia has been diligent in submitting these supplemental contentions as the additions described below were first identified after the new and substantial

additions and changes to Nuance's infringement theories that the Court allowed on December 14, 2020 and within the 45 days provided by the Court to respond to Nuance's contentions.  ECF No. 219.

For example, Omilia's Third Supplemental Contentions respond to Nuance's new allegations of infringement under 35 U.S.C. § 271(g), which the Court allowed Nuance to add on December 14, 2020.  ECF No. 219  They also provide additional documentary evidence and explanation rebutting Nuance's new theories based on its new identification of a "decision network," Nuance's new allegations concerning Omilia's "ru-ua-mix" speech recognizer, and Nuance's new "re-estimation" theory for the '925 patent.  *See, e.g.*, Sternberg Decl. Ex. A, Supplemental App'x 1, at 8-10, 13.  Similarly, these contentions provide additional documentary evidence and explanation  to rebutt Nuance's new theory relating to "iVectors" and why it does not establish infringement of the '993 patent and respond to Nuance's new allegations concerning the content of Omilia's lexicons in dependent claim 19 of the '993 patent.  *See* Sternberg Decl. Ex. A, Supplemental App'x 2, at 6-8, 14-15.

Omilia's Third Supplemental Contentions also provide additional detail on why the previously identified prior art render the asserted claims invalid in light of Nuance's new interpretations and infringement theories.  For example, these contentions provide additional support in Waibel and Thiesson for "re-estimation" based on Nuance's new interpretation and application of that limitation in Nuance's Supplemental Infringement Contentions, Exhibit A.  Omilia's Third Supplemental Contentions at 38.  In addition, these contentions supplement previous invalidity arguments under section 112 based on Nuance's interpretation of various term language in its claim charts.  For example, Omilia explains that to the extent Nuance contend the term "re-estimation" permits adjusting acoustic model parameters or weighting neural networks,

3

there is no written description or support for this interpretation. Omilia's Third Supplemental Contentions at 37-38.

In addition, allowing Omilia to amend its contentions serves the interest of fairness and judicial economy as it will help the parties to narrow, prioritize and resolve the Phase 1 patent issues. Good cause exists for supplementation in view of the status of the litigation and the timing of these disclosures. Omilia's Motion to Supplement is consistent with the Court's order that Omila "shall file a motion to supplement its preliminary non-infringement and invalidity contentions." ECF No. 219. This case remains at an early stage. Fact discovery is ongoing and will not close until March 30, 2021. Expert discovery will not close until June 29, 2021. Nuance has not completed its document production. No depositions have occurred. These supplemental contentions will also not affect the completion of discovery nor will it unduly prejudice Nuance.

Omilia met and conferred with Nuance on January 27 and 28, 2021. Nuance indicated that it reserves all rights, and will inform Omilia and the Court on its position Omilia's motion for leave to supplement.

For the reasons stated above, Omilia respectfully requests that the Court find that good cause exists and grant Omilia's motion to supplement its Preliminary Non-Infringement and Invalidity Contentions.

Dated: January 28, 2021

Respectfully Submitted,

/s/ *Daniel S. Sternberg*
Kevin C. Adam (SBN 684955)
Daniel S. Sternberg (SBN 688842)
WHITE & CASE LLP
75 State Street, 24th Floor
Boston, MA  02109
(617) 979-9300
kevin.adam@whitecase.com
daniel.sternberg@whitecase.com

Of Counsel:
Dimitrios Drivas (*admitted pro hac vice*)
Raj Gandesha (*admitted pro hac vice*)
Stefan Mentzer (*admitted pro hac vice*)
John Padro (*admitted pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020-1095
(212) 819-8286
ddrivas@whitecase.com
rgandesha@whitecase.com
smentzer@whitecase.com
john.padro@whitecase.com

Hallie Kiernan (*admitted pro hac vice*)
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306
(650) 213-0300
hallie.kiernan@whitecase.com

*Counsel for Omilia Natural Language Solutions, Ltd*

## **CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on January 28, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.4 (c).

                                                 /s/ *Daniel S. Sternberg*
                                                 Daniel S. Sternberg